## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Robert Partee,

        Plaintiff,

v.

Beth Trowbridge and Correctional Officer
Cook,

        Defendants.

Case No. 20-12586
District Judge Bernard A. Friedman
Magistrate Judge Jonathan J.C. Grey

_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Robert Partee is an incarcerated person in custody of the Michigan
Department of Corrections challenging the conditions of his confinement at the
Gus Harrison Correction Facility ("ARF"). (ECF No. 1.) He brings a complaint
under 42 U.S.C. § 1983 against B. Trowbridge and Corrections Officer A.C. Cook.
*Id.* This matter is before the Court on the defendants' motion to dismiss, or in the
alternate, motion for summary judgment. (ECF No. 20.)

On October 13, 2021, District Judge Bernard A. Friedman referred pretrial
matters to the undersigned. (ECF No. 12.) For the following reasons, the

undersigned **RECOMMENDS** that the defendants' motion to dismiss be

**GRANTED**.

## I. Background

### A. Partee's Complaint

Partee sets forth the allegations recited here. Prior to February 9, 2017,

Partee was employed as a general library clerk at ARF. (ECF No. 1, PAGEID.3.)

When he was not at work, he helped illiterate inmates, including Booker Thomas

and Baldwin, with grievances against MDOC staff and legal research. *Id.*

Trowbridge repeatedly admonished Partee for assisting these inmates during his

work shifts. (ECF No. 1, PAGEID.4.)

On February 9, 2017, Partee had a day off. (*Id.* at PAGEID.4.) On that date,

Trowbridge saw Partee enter the ARF library. *Id.* Partee sat at a table with Thomas,

and Partee took out a plastic bag of legal materials for Thomas and Baldwin.[1] *Id.*

Trowbridge wrote him two misconduct tickets and confiscated the legal materials

as contraband.[2] *Id.* Cook fired Partee from his library job assignment for doing

---

[1] The misconduct reports note that these materials included LexisNexis research for Thomas (ECF No. 20-4, PAGEID.241) and "legal work" for Baldwin (*Id.* at PAGEID.238).
[2] The materials were contraband pursuant to MDOC Policy Directive 04.07.112, which prohibits prisoners from possessing other prisoners' legal materials, and MDOC Policy Directive 05.03.116, which prohibits prisoners from receiving compensation in any form for providing legal services to another prisoner. (ECF No. 20-4, PAGEID.238.)

multiple prisoners' law library work and admonished Partee for teaching illiterate inmates how to sue MDOC officials. *Id.*

Sometime between February 9, 2017 and February 13, 2017, Partee filed Grievance No. ATF-1702-0373-024 ("Grievance 0373") against Trowbridge and Cook for issuing allegedly false misconduct tickets against him. (ECF No. 20-3, PAGEID.229.) On February 13, 2017, Sergeant Leslie told Partee that Partee's job would be restored within two months if Partee "signed off" on Grievance 0373. *Id.* Partee signed off on it, which resolved the grievance. *Id.*

On February 15, 2017, Assistant Resident Unit Supervisor Louis Condon found Partee guilty of the misconduct tickets issued by Trowbridge. (*Id.* at PAGEID.231.)

## B. Procedural History

On February 15, 2017, Partee pleaded guilty to the misconduct ticket for his work on Baldwin's legal issues and waived his right to a hearing. (ECF No. 20-4, PAGEID.238.) On the same date, Partee had a misconduct hearing for his work on Thomas' legal issues, and MDOC found him guilty. (*Id.* at PAGEID.241.)

According to MDOC records, Partee pursued one grievance arising out of ARF through Step III of the MDOC grievance process for his retaliation allegations: Grievance No. ARF-17-05-1096-27A ("Grievance 1096"). (ECF No. 20-3, PAGEID.225.) MDOC rejected Grievance 1096 for grieving a non-grievable

issue. (*Id.* at PAGEID.230.) MDOC affirmed its decision through Step III, explaining that only prisoners who have completed the MDOC Legal Writer Program are permitted to assist prisoners in legal work, where the trained prisoner is supervised by MDOC staff. (*Id.* at PAGEID.228, 226.) Partee was not a member of the MDOC Legal Writer Program. *Id.*

On September 10, 2020, Partee filed suit against Trowbridge and Cook, arguing that the misconduct tickets and termination were retaliatory. (ECF No. 1, PAGEID.6.) He alleges that this violated his First Amendment rights. *Id.*

Trowbridge and Cook moved for dismissal, or in the alternative, summary judgment, based on Partee's failure to file his suit within the statute of limitations and failure to exhaust administrative remedies. (ECF No. 20.) Partee responded (ECF No. 23), and Trowbridge and Cook replied (ECF No. 24).

**C. MDOC Grievance Process**

MDOC provides a three-step grievance process that prisoners must follow to exhaust administrative remedies. MDOC Policy Directive 03.02.130 (effective Mar. 18, 2019). Per MDOC policy, grievants must include the "[d]ates, times, places, and names of all those involved in the issue being grieved." *Id.* ¶ S.  Prior to Step I, a grievant must "attempt to resolve the issue with the staff member involved within two business days." *Id.* ¶ Q. If there is no resolution, the grievant may file a Step I grievance within five business days. *Id.* At Step II, a grievant may

4

appeal the denial of a Step I grievance within ten business days after receipt of the

Step I response. *Id.* ¶ DD. At Step III, a grievant may appeal the Step II denial

within ten business days after receipt of the Step II response. *Id.* ¶ HH. Grievances

at all steps are logged in a computerized tracking system. *Id.* ¶¶ X, EE, II.

## II.    Standard of Review

The Court reviews the motion as a motion to dismiss. To survive a motion to

dismiss under Federal Rule of Procedure 12(b)(6), a plaintiff must comply with

Rule 8(a)(2), which requires a short and plain statement of the claim showing that

the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545

(2007). A plaintiff must also illustrate the grounds of their entitlement to relief,

which "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Id.* at 555 (citation omitted).

When assessing a motion to dismiss under Rule 12(b)(6), the Court must

"construe the complaint in the light most favorable to the plaintiff and accept all

allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

Although a complaint need not contain "detailed" factual allegations, its "[f]actual

allegations must be enough to raise a right to relief above the speculative level on

the assumption that all the allegations in the complaint are true." *Twombly*, 550

U.S. at 555 (citations omitted).

### III. Statute of Limitations Analysis

The Court first turns to the statute of limitations arguments. Trowbridge and Cook argue that Partee filed his suit outside the statute of limitations on all claims. (ECF No. 20, PAGEID.202–203.) Partee disagrees. (ECF No. 23, PAGEID.278.) The Court finds that Partee did not file within the statute of limitations for any claim.

Section 1983 claims are governed by the state statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). Under Michigan law, the statute of limitations for personal injury claims is three years. Mich. Comp. Laws §600.5805(10); *see also Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004). Specifically, the Sixth Circuit has held that Michigan's three-year statute of limitations governs § 1983 claims. *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009).

The statute of limitations period begins to run when a plaintiff knows or has reason to know about the act providing the basis for the claimed injury. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citation omitted). Since prisoners are "prevented from bringing suit in federal court for the period of time required to exhaust," the applicable statute of limitations remains tolled while the prisoner exhausts the available remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

6

The Court must determine whether Partee should receive equitable tolling for pursuing administrative remedies for his retaliation allegations. The alleged incident on or before February 9, 2017, and Partee filed his complaint on September 10, 2020. (ECF No. 1.)

Partee may reasonably point to Grievance 1906 (the grievance exhausted through Step III) and Grievance 0373 (the grievance resolved prior to Step III) as exhaustive proceedings that toll his statute of limitations. Regarding Grievance 1096, on May 9, 2017, MDOC received Partee's Step I grievance. (ECF No. 20-3, PAGEID.225.) On September 12, 2017, MDOC provided their Step III decision. (*Id.* PAGEID.226.) The statute of limitations for Grievance 1096 is therefore tolled from May 9, 2017 (the date MDOC received Step I of Grievance 1096) to September 12, 2017 (the date MDOC issued its Step III decision), a period of 126 days.

Turning to Grievance 0373, Partee filed Grievance 0373 sometime between February 9, 2017 and February 13, 2017 (a total of four days maximum), and Partee signed off on the resolution of Grievance 0373 on February 15, 2017 (an additional two days). (ECF No. 20, PAGEID.198.) Construing these facts in the light most favorable to Partee, the statute of limitations for Grievance 0373 is tolled from February 9, 2017 to February 15, 2017, a period of six days. As a

result, Grievance 1096 tolled the period by 126 days, and Grievance 0373 tolled

the period by six days, for a total of 132 days.

Adding those 132 days to February 9, 2017, to meet the statute of

limitations, Partee would have had to file a complaint three years from June 20,

2017, on or before June 20, 2020. Because Partee did not file his complaint until

September 10, 2020, Partee's complaint is time-barred.

Accordingly, Trowbridge and Cook are entitled to dismissal of Partee's suit.

## IV.    Exhaustion Analysis

Trowbridge and Cook argue that Partee failed to properly exhaust his

administrative remedies. (ECF No. 20.) Partee refutes this. (ECF No. 23.) The

Court finds that even if this action were not barred by statute of limitations, Partee

failed to exhaust his administrative remedies as to his retaliatory misconduct

tickets claim. Trowbridge and Cook are thus also entitled to dismissal on this

alternate ground with respect to that claim.

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all

available administrative remedies before filing an action about prison conditions.

42 U.S.C. § 1997e(a). The Supreme Court requires that a grievant exhaust all

administrative remedies before filing a lawsuit. *Jones v. Bock*, 549 U.S. 199, 211

(2007) ("There is no question that exhaustion is mandatory under the PLRA and

that unexhausted claims cannot be brought in court."). It is also "the prison's

requirements, and not the PLRA, that define the boundaries of proper exhaustion."
*Id.* at 218. Proper exhaustion entails "using all steps that the agency holds out, and
doing so *properly* (so that the agency addresses the issues on the merits)."
*Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis in original) (citation omitted).

Failure to exhaust is an affirmative defense, so prisoners are "not required to
specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at
216. The burden thus rests on defendants to establish failure to exhaust. *Napier v.
Laurel Cty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011). To carry their burden,
defendants must show that no reasonable jury could find that the plaintiff
exhausted their claims. *Surles v. Andison*, 678 F.3d 453, 455 (6th Cir. 2012). Once
the defense of failure to exhaust is raised, the grievant must "present 'significant
probative evidence' to defeat the motion for summary judgment." *Id.*

Here, Partee was required to undertake all steps of the MDOC process to
fully exhaust his grievances. The defendants, who bear the burden of proof,
provided Partee's Step III grievance report, which lists every grievance Partee
pursued through Step III. (ECF No. 20-3.) According to the report, Partee pursued
one grievance arising out of ARF through Step III about his retaliation allegations:
Grievance 1096. *Id.*

## A. Retaliatory Misconduct Tickets Claim

Partee must exhaust his retaliatory misconduct tickets claim through the prison's internal hearing process. *Ayotte v. Stemen*, No. 15-13826, 2019 WL 2219739, at *5 (E.D. Mich. Feb. 27, 2019), report and recommendation adopted, No. 15-13826, 2019 WL 1349607 (E.D. Mich. Mar. 26, 2019) (citation omitted). Decisions made in the prison hearings division are thus non-grievable. *Id.*

To exhaust their administrative remedies before seeking judicial review, a plaintiff must request a rehearing within thirty days after the prison issues its final decision. *Id.* (citing Mich. Comp. Laws § 791.255(1), (3)). The Sixth Circuit has also held that prisoners must raise any retaliation arguments about misconduct tickets during their first misconduct hearing. *Siggers v. Campbell*, 652 F.3d 681, 693–94 (6th Cir. 2011). If they do not, the argument cannot be used as a basis to request a rehearing. *Id.*

Regarding the Baldwin ticket, Partee pleaded guilty to the ticket alleging possession of Baldwin's legal work and waived his right to a hearing. (ECF No. 20-4, PAGEID.238–239.) Accordingly, he waived his right to contest that the ticket was retaliatory and failed to exhaust. *Siggers*, 652 F.3d at 693–94.

Regarding the Thomas ticket, Condon's affidavit states that Partee did not allege retaliation during his misconduct hearing. (*Id.* at PAGEID.235.) There is also no record that Partee appealed that ticket. (*Id.* at PAGEID.241–243.)

10

Accordingly, Partee failed to exhaust his administrative remedies on his retaliatory misconduct tickets claim.

## B. Retaliatory Termination Claim

Trowbridge and Cook argue that Partee did not exhaust this claim through the MDOC grievance process, claiming that Grievance 1096 solely grieved the outcome of his misconduct ticket hearings. (ECF No. 20, PAGEID.211.) Partee did not address this argument. However, in Grievance 1096, Partee stated that "Cook fired me by writing a termination (363) report" and that grievants have a right against retaliation. (ECF No. 20-3, PAGEID.229, 231.) The Court therefore finds that Partee grieved the retaliatory termination issue.

Nonetheless, as discussed above, Partee cannot proceed with this claim because he failed to file within the statute of limitations.

## V.  Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that the defendants' motion be **GRANTED**.


Dated:   August 3, 2022                    s/**Jonathan J.C. Grey**
                                           Jonathan J.C. Grey
                                           United States Magistrate Judge

11

## Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 3, 2022.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager