UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PARTEE, #162558,

        Plaintiff,                    Civil Action No. 20-cv-12586
                                          HON. BERNARD A. FRIEDMAN
vs.                                   MAG. JONATHAN J.C. GREY

BETH TROWBRIDGE, *et al.,*

        Defendants.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

I.    <u>Introduction</u>

    Plaintiff Robert Partee is currently incarcerated with the Michigan Department of Corrections.  He commenced this 42 U.S.C. § 1983 action against prison librarian Beth Trowbridge and corrections officer "Cook." (ECF No. 1).  The complaint alleges that defendants violated the First Amendment to the United States Constitution when they terminated Partee's employment as a general library clerk in retaliation for providing legal assistance to other inmates. (*Id.*, PageID.3-8, ¶¶ 10-22, 29-40).

Before the Court is Magistrate Judge Jonathan J.C. Grey's report and recommendation dated August 3, 2022. (ECF No. 25). The report recommended that the Court grant defendants' motion to dismiss the complaint, or in the alternative, for summary judgment. (ECF No. 20). Partee timely objected to the report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2). (ECF No. 26). Defendants filed a response. (ECF No. 27).

For the following reasons, the Court will (1) overrule Partee's objections, (2) accept and adopt the magistrate judge's report and recommendation, and (3) grant defendants' motion to dismiss the complaint, or in the alternative, for summary judgment.

II.    Background

Since Partee does not object to magistrate judge's factual summary, the Court finds that the recitation of the underlying allegations is accurate, and it will adopt the magistrate judge's summary of those allegations as they appear in the report and recommendation. (ECF No. 25, PageID.295-97).

III.    Legal Standard

District judges review *de novo* any part of the magistrate judge's recommended disposition "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

IV.   Analysis

The magistrate judge recommended granting defendants' motion on both statute of limitations and exhaustion grounds. (ECF No. 25, PageID.299-304). Partee objects solely to the magistrate judge's statute of limitations ruling.[1]

In section 1983 actions, "state law determines which statute of limitations applies" while "federal law determines when the statutory period begins to run." *Harrison v. Michigan*, 722 F.3d 768, 772-73 (6th Cir. 2013).  Since section 1983 actions "are best characterized as tort actions for the recovery of damages for personal injury," federal courts "must borrow the statute of limitations governing personal injury actions from the state where the § 1983 action was brought." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985).

Section 1983 claims in Michigan are subject to a three-year statute of limitations. *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *see also* Mich. Comp. Laws § 600.5805(2).  The limitations period "begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

---

[1] Partee concedes that the magistrate judge's report properly recommended the dismissal of the portion of his claim against Trowbridge for issuing retaliatory misconduct reports because he failed to exhaust his administrative remedies. (ECF No. 26, PageID.314).

3

Courts "look to the event that should have alerted the typical lay person to protect his or her rights." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003).

The statute of limitations for claims subject to the Prison Litigation Reform Act of 1995 – like those Partee asserts here – is tolled while the plaintiff exhausts his required administrative remedies. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012).

Defendants terminated Partee on February 9, 2017. (ECF No. 1, PageID.10, ¶ 3, PageID.14, ¶ 2, PageID.15).  So without tolling the limitations period for any intervening grievances, he would have been required to file his complaint no later than February 9, 2020.  But Partee filed two grievances related to his termination. The initial grievance spanned from February 10 (the date Partee filed the grievance) through February 13, 2017 (the date he voluntarily withdrew it), which tolled the limitations period for four days. (ECF No. 23, Page ID.276).  The second grievance lasted from May 7 (the date Partee filed the grievance) through September 12, 2017 (the date MDOC issued its Step III decision), which tolled the limitations period for an additional 128 days. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) (holding that the limitations period is tolled from the date the inmate files the grievance); *Bennett v. Corr. Med. Servs.*, No. 12-15405, 2014 U.S. Dist. LEXIS

24987, at *6 (E.D. Mich. Feb. 27, 2014) (same).  Together, both grievances tolled the statute of limitations for a total of 132 days.

Adding 132 days to February 9, 2020, Partee should have commenced this action on or before June 20, 2020.[2]  Because he did not file the complaint until September 10, 2020, the statute of limitations bars all the asserted claims.

Partee calculates the limitations period, however, from a different accrual point.  He maintains that the statute of limitations should commence from sometime between May 4 and May 6, 2017 (rather than February 9, 2017) when Sergeant Leslie finally informed him that prison officials would not permit him to return to his job. (ECF No. 26, PageID.310-11; ECF No. 23, PageID.276).  But the evidence, and even Partee's own allegations, indicate that he knew or should have known that defendants removed him as a general library clerk on February 9, 2017.

For instance, Partee asserts that "[o]n February 9, 2017, Defendants, Trowbridge and Cook, fired Plaintiff Partee from his work assignment . . . in retaliation for engaging in 'protected conduct.'" (ECF No. 1, PageID.4-5, ¶ 22). Partee's initial affidavit acknowledges that "[p]rior to February 9, 2017, I was employed as a General Library Clerk." (*Id.*, PageID.10, ¶ 3).  His second affidavit says that Cook "fired" him on February 9, 2017, for providing legal assistance to

---

[2] Since June 20, 2020 was a Saturday, Partee could have filed the complaint on or before June 22, the following Monday. *See* Fed. R. Civ. P. 6(a)(1)(C).

other inmates. (*Id.*, PageID.14, ¶ 2).    Partee's Prisoner Program and Work Assignment Evaluation lists "2-9-17" as his termination date. (*Id.*, PageID.15).  And Partee concedes that "[o]n February 9, 2017, the Plaintiff was terminated from his job assignment by both defendant's [sic]." (ECF No. 23, PageID.275).

Perhaps most telling is that Partee filed his initial grievance on February 10, 2017 – the very next day – alleging that "the defendant's retaliated against him for assisting other Prisoners prepare legal documents, by terminating him from his job assignment on February 9, 2017." (*Id.*, PageID.276). *See Peterson v. Ostrander*, No. 17-2160, 2018 U.S. App. LEXIS 8902, at *5 (6th Cir. Apr. 6, 2018) (holding that the plaintiff's initial grievance filing date established when he knew or should have known about his injuries).  He may not now retract the same narrative he so carefully crafted throughout this litigation.

Partee further contends that Sergeant Leslie misrepresented that prison officials would reinstate him "within 2 months" from his removal so long as he withdrew his initial grievance. (ECF No. 20-3, PageID.229).  Invoking what appears to be equitable estoppel, Partee endorses tolling the statute of limitations to account for the three-month period (from February 13 through May 7, 2017) while he awaited Sergeant Leslie's assurances to bear fruit. (ECF No. 26, PageID.314).  The Court declines this invitation for two reasons.

To begin with, parties opposing summary judgment motions must respond with admissible evidence to support their "assertions." Fed. R. Civ. P. 56(c)(1). Because Partee's allegations concerning Sergeant Leslie are not in admissible form, *i.e.*, either through depositions, documents, affidavits, declarations, interrogatory answers, or admissions, they do not raise a genuine factual question as to whether equitable estoppel should toll the limitations period. Fed. R. Civ. P. 56(c)(1)(A), (e)(3).  And Partee's pro se status does not relieve him of this burden. *Viergutz v. Lucent Techs.*, 375 F. App'x 482, 485 (6th Cir. 2010); *United States v. Ninety Three Firearms*, 330 F.3d 414, 427-28 (6th Cir. 2003).

Partee's attempt to remedy this defect at the objection stage by submitting his own declaration is unavailing.  District courts retain the discretion to review evidence presented for the first time in a party's objections to a magistrate judge's report and recommendation. *Neal v. Ellis*, No. 13-1503, 2014 U.S. App. LEXIS 25116, at *7-8 (6th Cir. Jul. 17, 2014); *Muhammad v. Close*, No. 08-1944, 2009 U.S. App. LEXIS 29556, at *5 (6th Cir. Apr. 20, 2009).  Since Partee never explains why he did not produce *his own* declaration earlier – thereby depriving the magistrate judge of the opportunity to consider it when formulating the report and recommendation – the Court declines to exercise this authority. *See Neal v. Ellis*, No. 17-2331, 2018 U.S. App. LEXIS 23984, at *13-14 (6th Cir. Aug. 23, 2018) (finding no abuse of discretion where the district court declined to consider affidavits

and declarations offered for the first time in an objection to the magistrate judge's report and recommendation because the proffering party "fail[ed] to explain why he could not have produced the new evidence sooner").

In any event, resorting to equitable estoppel to toll the limitations period is inappropriate. Unlike other circuits, the Sixth Circuit Court of Appeals consults state law to determine whether equitable estoppel tolls the applicable limitations period in section 1983 cases. *Billingsley v. Doe*, No. 21-6023, 2022 U.S. App. LEXIS 25198, at *11-12 (6th Cir. Sep. 7, 2022); *but see Pearl v. City of Long Beach*, 296 F.3d 76, 83 (2d Cir. 2002) (observing a split in authority on this question); *Benitez-Pons v. Puerto Rico*, 136 F.3d 54, 63 (1st Cir. 1998) (applying federal equitable estoppel law); *Smith v. City of Chicago Heights*, 951 F.2d 834, 839 (7th Cir. 1992) (same).

Under Michigan law, the party seeking to employ equitable estoppel must demonstrate that "(1) there has been a false representation or concealment of material fact, (2) coupled with an expectation that the other party will rely upon this conduct, and (3) knowledge of the actual facts on the part of the representing or concealing party." *Lothian v. Detroit*, 414 Mich. 160, 177 (1982). Michigan courts are "reluctant to recognize an estoppel in the absence of conduct clearly designed to induce the plaintiff to refrain from bringing action within" the statute of limitations. *Id.* (quotation omitted).

8

In this case, Partee fails to show that Sergeant Leslie already knew prison officials would decline to reinstate him in February 2017.  Nor does Partee establish that Sergeant Leslie's promise was "clearly designed to induce" him "to refrain" from commencing this action within the limitations period. *Id.*  Even were the Court to consider Partee's untimely declaration, it suggests that Sergeant Leslie genuinely worked towards restoring Partee to his previous job.  As early as May 2017, Sergeant Leslie informed Partee that "I did everything that I could to get your job back," he "apologized" for being unable to secure Partee's reinstatement, and he left Partee with more than sufficient time – a few months shy of three years – to commence this action. (ECF No. 26, PageID.318, ¶ 7).  Equitable estoppel cannot, therefore, salvage Partee's untimely claims.

Accordingly,

IT IS ORDERED that Partee's objection to the August 3, 2022 report and recommendation (ECF No. 26) is overruled.

IT IS FURTHER ORDERED that the August 3, 2022 report and recommendation (ECF No. 25) is accepted and adopted.

IT IS FURTHER ORDERED that defendants' motion to dismiss the complaint, or in the alternative, for summary judgment (ECF No. 20) is granted.

s/Bernard A. Friedman

Dated: September 19, 2022                    Bernard A. Friedman
        Detroit, Michigan                    Senior United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on September 19, 2022.

**Robert Partee** #162558                    s/Johnetta M. Curry-Williams
Gus Harrison Correctional Facility           Case Manager
2727 E. Beecher Street
Adrian, MI 49221